UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on June 14, 2024

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | GRAND JURY ORIGINAL |
| DEVONTINO YANT, | VIOLATIONS: |
| Defendant. | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Unlawful Possession with Intent to Distribute Cocaine) |
| | 18 U.S.C. § 924(c)(1)(B)(ii) (Using, Carrying, and Possessing a Machinegun in Furtherance of a Drug Trafficking Offense) |
| | 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | FORFEITURE: 21 U.S.C. § 853(a) and (p); 18 U.S.C. § 924(d); and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about April 24, 2024, within the District of Columbia, **DEVONTINO YANT**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

(**Unlawful Possession with Intent to Distribute Cocaine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT TWO

On or about April 24, 2024, within the District of Columbia, **DEVONTINO YANT**, did unlawfully and knowingly use, carry, and possess a machinegun, as defined by Title 26, United States Code, Section 5845(b), that is, a Glock, model 19, 9mm pistol, equipped with a conversion device intended to convert the pistol into a weapon which shot, and was designed to shoot, automatically more than one shot without manual reloading, by a single pull of the trigger, during and in relation to, and in furtherance of, a drug trafficking offense, a for which he may be prosecuted in a court of the United States, that is, Count One of this Indictment which is incorporated herein.

**(Using, Carrying, and Possessing a Machinegun in Furtherance of a Drug Trafficking Offense**, in violation of Title 18, United States Code, Section 924(c)(1)(B)(ii))

## COUNT THREE

On or about April 24, 2024, within the District of Columbia, **DEVONTINO YANT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the District of Columbia Superior Court, Criminal Case No. 2011 CF2 011700, did unlawfully and knowingly receive and possess a firearm, that is, a Glock, model 19, 9mm pistol, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, all of which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1.     Upon conviction of the offenses alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section

853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses.

2. Upon conviction of the offenses alleged in Counts Two or Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Glock, model 19, 9mm caliber pistol, and 9mm caliber ammunition.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p), Title 18, United States Code, Section 924(d), and Title 28, Untied States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

*Matthew M. Graves /BTH*
Attorney of the United States in
and for the District of Columbia.