UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 24-cr-518 (DLF) |
| | : | |
| Devontino Yant, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION</u>**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that Defendant Devontino Yant ("Defendant") be detained pending trial.

The Defendant was indicted on November 14, 2024, with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of possessing a machinegun in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(B)(ii).

The Government now moves for the Defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(C) (an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)) and 18 U.S.C. § 3142(f)(1)(E) (any felony that is not otherwise a crime of violence that involves the possession or use of a firearm). By virtue of the offenses alleged against the Defendant, there is a rebuttable presumption that no conditions or combinations of conditions can effectively ensure the Defendant's appearance in this case and otherwise protect the community, pursuant to 18 U.S.C. §§ 3142(e)(3)(A).

Pursuant to the facts, circumstances, and authorities presented herein (and at the detention hearing to be held in this case), the Government respectfully submits that the Defendant should be detained pending trial.

## FACTUAL BACKGROUND

**A.   Investigative Background/Overview**

Since February 2024 through the date of the Defendant's arrest, law enforcement has executed numerous search warrants on stash houses associated with the Defendant. On each and every search, law enforcement recovered significant amounts of narcotics and firearms. As outlined below, the Defendant has consistently maintained stash houses and continuously trafficked narcotics while armed with firearms.

**B.  The Charged Conduct**

On April 24, 2024, another Superior Court search warrant (2024CSWSLD001610) was executed on ▇ Atlantic Street SE, Apt 101. Just prior to executing the search warrant, MPD officers observed the Defendant running from the door of apartment 101 into the apartment across the hall. No one else was found inside the apartment. Officers found various drugs scattered throughout the apartment including crack cocaine and methamphetamine. There was a backpack sitting on the kitchen floor, however, that can clearly be attributed to the Defendant. Inside this backpack, officers found a loaded Glock 19 with a converter switch, approximately 140 grams of cocaine (confirmed via lab test), and the Defendant's Washington D.C. driver's license and bank card. There was also approximately $200 of loose currency.

The firearm was test fired by ATF and confirmed to be fully automatic. At the time it was found next to the drugs, it was loaded with one round in the chamber and 12 rounds in an extended magazine capable of holding 24 rounds.







The Defendant is also a felon. In 2013, he was sentenced to 17 months of incarceration

following his guilty plea to Attempted Distribution of a Controlled Substance (Cocaine) in D.C. Superior Court case 2011 CF2 11700.

**C. Evidence of Narcotics Trafficking and Possession of Other Firearms**

On February 28, 2024, officers with HSI and MPD executed a Superior Court search warrant (2024CSWSLD000775) at ▆ Atlantic Street SE, Apt 101, Washington, D.C. The warrant was issued based on a purchase of narcotics from the unit. On February 28, 2024, six individuals were inside the apartment including the Defendant. Officers recovered approximately 104 grams of crack cocaine (field tested), 26 capsules of suspected synthetic cathinone, approximately 6 grams of suspected marijuana, 6 vials of suspected PCP, numerous digital scales with white powdery residue, empty packaging material, approximately 268 grams of suspected non-narcotic cutting agent, and $3,042 in U.S. currency located throughout the apartment.



In addition to the drugs, officers recovered five firearms scattered throughout the apartment. Four of the five firearms were loaded with ammunition. The Defendant also had $4,020 in U.S. currency on his person. None of the six individuals, including the Defendant had a valid registration for a firearm.

On June 6, 2024, law enforcement officers from MPD once again executed a search warrant at the same address, ▮ Atlantic St SE, Apt 101, Washington D.C. When officers arrived at the apartment they observed multiple individuals in the hallway, directly in front of an open door to apartment 101. Officers also observed a bottle of promethazine-codeine and a clear bag of a white colored rocklike substance in plain view. Officers field tested the white rocklike substance which yielded a positive reaction for crack cocaine. The individuals in the hallway were searched incident to arrest and subsequently identified the Defendant, who had $1,101.00 in U.S. currency. There were also other individuals outside, including Defendant Deshawn Loggins (who has a pending case in U.S. District Court 24-cr-505 for similar charges), who also possessed $1,689.00 in U.S. currency.



During a search of the apartment inside, law enforcement discovered the following items

5

(1) 12 white containers of suspected marijuana, (2) 6 digital scales with white powder residue, (3) approximately 8 grams of suspected cocaine, (4) approximately 83 grams of suspected crack cocaine, (5) 5 small bags of suspected crack cocaine, (6) 29 suspected olanzapine pills in a bottle, (7) 1 sealed box of Suboxone, (8) 44 suspected Adderall pills in a bottle, and (9) Springfield Armory, .45 caliber pistol. This firearm was loaded with a magazine containing thirteen rounds of .45 ammunition with one round in the chamber.

    Soon after the June 6, 2024, search warrant, the Defendant started operating out of a different location. On July 29, 2024, MPD conducted a controlled purchase of crack cocaine from ▮ South Capitol Street SW, Apt 230, Washington D.C. The Defendant gave a bag of white rock substance to a coconspirator who under the direction of the Defendant, portioned out an amount and handed it to the buyer. The drugs field tested positive for cocaine. On September 16, 2024, MPD conducted another controlled purchase of drugs at the same location of ▮ South Capitol Street SW, Apt 230. The Defendant was again inside the apartment, along with other individuals. There was also cash scattered throughout the apartment. The purchase consisted of both crack cocaine and fentanyl, both of which field tested positive.

    On November 19, 2024, law enforcement executed the residential search warrant of ▮ South Capitol Street SW, in conjunction with the arrest warrant for the Defendant. Though the Defendant was not arrested inside the apartment, he was found just outside of it. Inside the apartment, officers found crack cocaine cooking on the stove, and a total amount of approximately 1,145 grams of crack cocaine located throughout the apartment. One individual was still inside when police entered, and a second individual was trying to run out the door. A window was also kicked open and a shoe impression below it, as if someone had just recently escaped through it. A total of fire firearms were recovered in the apartment. Three were located

6

in the kitchen of the apartment: an AR pistol holding 11 rounds of ammunition with one in the chamber; a Glock 19 with 14 rounds and one in the chamber; a Glock 19 with 15 rounds of ammunition. One firearm was located on the couch in the living room: one Glock 30 with 10 rounds of ammunition and one round in the chamber. The ammunition appeared to be armor piercing rounds. The last firearm was located in the bedroom of the residence: Glock 26 with an extended magazine holding 31 rounds of ammunition and 1 round in the chamber. This firearm was also equipped with a converter switch.

   The Defendant had $2,737 on his person upon his arrest. There was a total of $52,787 found throughout the apartment. The Defendant was the sole leaseholder of the apartment.








**PROCEDURAL HISTORY**

On November 14, 2024, the Defendant was indicted by a federal Grand Jury with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of possessing a machinegun in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(B)(ii) for his conduct on April 24, 2024.

On November 19, 2024, Defendant was arrested by law enforcement officers just outside his residence. On November 20, 2024, the Defendant made his initial appearance before the Honorable G. Michael Harvey who set a detention hearing for November 22, 2024, pursuant to the Government's request for detention under 18 U.S.C. §§ 3142(f)(1)(C) and 3142(f)(1)(E).

## LEGAL STANDARDS

Pursuant to 18 U.S.C. § 3142(e)(3)(A), there is a rebuttable presumption that no conditions nor combinations of conditions can effectively ensure the Defendant's appearance in this case and otherwise protect the community. Accordingly, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed" the predicate offense. 18 U.S.C. § 3142(e)(3). The indictment, standing alone, constitutes probable cause that the person charged committed the offenses charged and is "enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community." *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *accord United States v. Williams*, 903 F.2d 844, 844 (D.C. Cir. 1990).

As the D.C. Circuit has explained, "the presumption operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). But even if the

9

burden of production is met, the presumption "does not disappear entirely," but rather "remains a factor to be considered among those weighed by the district court." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). The Government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight – even where it is presumed that those standards are satisfied.

In considering whether there are conditions of release which will reasonably assure the safety of any other person and the community, and the appearance of the Defendant as required, the Court should consider and weigh the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g).

## ARGUMENT

In consideration of these factors, the Government respectfully submits that there is no condition, or combination of conditions, that would assure the safety of the community and the Defendant's appearance at future proceedings.

### I. Nature and Circumstances of the Offenses Charged

The nature and circumstances of the offenses charged weigh in favor of detention. The charged offense for the Defendant's possession of a machinegun and approximately 140 grams of confirmed cocaine is enough to warrant detention. And yet, in addition to carrying a machinegun in furtherance of selling cocaine, the Defendant has consistently maintained at least two stash houses in less than a year. Each time his residence was searched, law enforcement recovered significant amounts of narcotics and firearms. In February, the Defendant was found with a large

amount of cash and various drugs and firearms inside the residence. In April, he left his backpack containing the machinegun and cocaine on the kitchen floor in his escape from law enforcement. In June, he was found outside his stash house while drugs and a gun were found inside. Around that time, he pivoted to a different stash house which was again searched in November. Like before, five firearms and over one kilogram of cocaine were recovered. Though he was detained outside the building, he is the leaseholder to that apartment.

## II.     Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, is incredibly strong—and also favors detention. Officers observed the Defendant coming from the doorway of the empty apartment right before the search. His backpack containing his ID card and bank card were found inside his residence. The machinegun was right next to the 140 grams of cocaine, both in a backpack that is designed to be carried—supporting the charge of carrying a machinegun in furtherance of drug trafficking.

## III.    Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weighs in favor of detention. This Court considers, among other factors, "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history." *United States v. Taylor*, 289 F. Supp. 3d 55, 69 (D.D.C. 2018). This Court in considering pretrial detention "may also consider prior arrests or charges brought against a defendant, even when those actions did not result in convictions." *See id.* at 70.

The defendant's criminal history shows a repeat and brazen pattern of drug dealing. In June 2011, he was convicted of attempted possession with intent to distribute cocaine in Superior

11

Court case 2011 CF2 11700.  In July 2011, he was arrested and charged with violating his release conditions to stay away from the 4300 block of 4th Street SE from the previous case.  This charge was later dismissed as part of the plea agreement.  In November 2015, he again was charged with possession of a controlled substance but that case was dismissed on the day of trial for want of prosecution.  In December 2015, he was charged again with possession with intent to distribute cocaine.  At trial, the jury convicted him of the lesser included charge of possession of cocaine.  In September 2016, he was charged with unlawful introduction of contraband into penal institution but acquitted at trial.

## IV.     Danger to the Community

Finally, the nature and seriousness of the danger to any person or the community posed by Defendant's release are grave.  The Defendant is a repeat narcotics trafficker.  Just within the last year alone, he has had a significant amount of drugs in his stash house.  He wasn't just selling drugs out of the apartment, he was also defending the drugs and his proceeds with loaded firearms, including fully automatic machine guns like the one he is charged with in this case.  His repeated actions demonstrate that he cannot be deterred.  He is not deterred by his prior felony conviction for distributing drugs, nor is he deterred by the numerous searches of his residence where law enforcement repeatedly seized drugs and guns.  After his first stash house was searched three times in four months, instead of abandoning his criminal activity, he moved to a different location to continue the same operation.  Indeed, when law enforcement searched the new residence just a few days ago, they recovered over a kilogram of suspected cocaine.  The Defendant is unwilling or unable to stop selling drugs.

Given the above assessment of all four relevant factors, no condition, or combination of conditions, can ensure the safety of the community or ensure that the defendant will comply with court orders and abide by appropriate release conditions.

## **CONCLUSION**

The Government respectfully requests that the Court grant the Government's motion to detain Defendant Devontino Yant pending trial in this case.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Iris McCranie*
Iris McCranie
N.Y. Bar 5011234
Assistant United States Attorney
Violence Reduction and Trafficking Offenses
601 D Street, NW
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2024, a copy of the foregoing was submitted via CM/ECF, which will transmit to counsel of record to Defendant Devontion Yant.

/s/ Iris McCranie
Iris McCranie
N.Y. Bar 5011234
Assistant United States Attorney
Violence Reduction and Trafficking Offenses
601 D Street, NW
Washington, D.C. 20530